## Walter Neske, Defendant in Error, v. Western Union Telegraph Company, Plaintiff in Error.

### Gen. No. 21,783.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. PATRICK B. FLANAGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed June 27, 1917. Rehearing denied July 13, 1917.

### Statement of the Case.

Action by Walter Neske, plaintiff, against the Western Union Telegraph Company, a corporation, defendant, to recover damages alleged to have been caused by negligence in transmitting a telegram. To reverse a judgment for plaintiff for $53.50, defendant prosecutes this writ of error.

WEST & ECKHART, for plaintiff in error.

JOSEPH R. BURRES, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. TELEGRAPHS AND TELEPHONES, § 37*—when evidence sustains verdict in action for negligence in transmission of telegram. In an action to recover damages for negligence in the transmission of a telegram, evidence held to support a verdict for plaintiff.

2. TELEGRAPHS AND TELEPHONES, § 31*—when evidence shows that damages were direct result of negligence in transmission of telegram. In an action to recover damages for negligence in transmitting a telegram, evidence held sufficient to show that the amount of the verdict for plaintiff was for the damages which he had suffered as a direct result of defendant's negligence, and that such damages were of the sort which might reasonably have been sup-

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

posed to have been in the contemplation of the sender of the message and the telegraph company at the time the message was sent.

3. TELEGRAPHS AND TELEPHONES, § 37*—*when contributory negligence of plaintiff sending telegram not shown.* In an action to recover for damages caused by the negligent transmission of a telegram, evidence *held* not to show contributory negligence of plaintiff.